IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHANE DEARDEUFF, | § |
| Movant, | § § § |
| V. | §  NO. 4:20-CV-244-O |
| | §  (NO. 4:19-CR-308-O) |
| UNITED STATES OF AMERICA, | § § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Shane Deardeuff, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-308-O, styled "United States v. Carl Evans, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 24, 2019, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 87. The indictment also contained a sentencing enhancement provision giving notice that prior to committing the offense charged therein, movant had been convicted of another serious drug felony

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-308-O.

that caused him to be subject to increased punishment under 21 U.S.C. §§ 841(b)(1)(A) and 851. *Id.* Movant entered a plea of not guilty. CR Doc. 97.

On October 30, 2019, movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 98. This time, he entered a plea of guilty. CR Doc. 100. Movant and his attorney signed a plea agreement, CR Doc. 103, a waiver of indictment, CR Doc. 102, and a factual resume, CR Doc. 104. The factual resume set forth the penalties movant faced, the elements of the offense charged in the superseding information, and the stipulated facts establishing that movant had committed the offense. CR Doc. 104. The plea agreement stated that movant faced a term of imprisonment of not more than twenty years. CR Doc. 103 at 2. The plea agreement further stated that movant understood his sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding, but advisory only; that no one could predict movant's sentence; and, that movant would not be allowed to withdraw his plea if the sentence was higher than expected. *Id.* The plea agreement also included a waiver of right to appeal or otherwise challenge the sentence. *Id.* at 4. And, it stated that the plea was freely and voluntarily made and was not the result of force or threats, or of promises other than as set forth in the agreement. *Id.* The agreement further stated that movant had thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with counsel's legal representation. *Id.*

On October 30, 2019, movant appeared before the United States Magistrate Judge to enter a plea of guilty to the superseding information. CR Doc. 157. Movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what

penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements of the offense; he had had sufficient time to discuss the case and the charges against him with his attorney and he was satisfied with the representation provided; he read the plea agreement, understood it, discussed it with his attorney, and asked the Court to accept and approve it; he was waiving his right to appeal; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and the stipulated facts in the factual resume were true and correct. CR Doc. 157 at 6–22. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 22–23. He issued a report and recommendation that the plea be accepted. CR Doc. 105. Movant did not file objections and the Court accepted the plea. CR Doc. 113.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 28. CR Doc. 114, ¶ 32. He received a two-level increase for use of violence, *id.* ¶ 33, and a two-level increase for obstruction of justice.[2] *Id.* ¶ 36. Based on a total offense level of 32 and a criminal history category of V, his guideline imprisonment range was 188 to 235 months. *Id.* ¶ 97. The government filed a motion for downward departure in recognition

---

[2] The PSR reflected that movant had headbutted his codefendant, causing a cut and bruise, accusing him of snitching to law enforcement. CR Doc. 114, ¶ 27. It also reflected that movant willfully threatened witnesses to the offense. *Id.* ¶ 28.

3

of substantial assistance provided by movant. CR Doc. 122. Movant filed a sentencing memorandum arguing that his advisory guideline range was excessive. CR Doc. 128.

At the sentencing hearing, counsel affirmed that she had received the PSR and reviewed it with movant. CR Doc. 156 at 2. The Court adopted the fact findings and conclusions of the PSR. *Id.* Movant admitted that he had reacted to provocation, but argued that he was not a violent person. *Id.* at 5–6. The Court sentenced movant to a term of imprisonment of 144 months. *Id.* at 6; CR Doc. 146. Movant did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. Doc.[3] 4. As his first ground, he alleges that his conviction was obtained by a violation of the privilege against self-incrimination because the PSR held him responsible for drugs he admitted he possessed. *Id.* at 7. As his second ground, movant alleges that he received ineffective assistance of counsel because he never saw his PSR. *Id.* As his third ground, movant alleges that he should have received a three-level reduction for acceptance of responsibility. *Id.* And, as his fourth ground, movant alleges that he was not aware that he would receive a two-level enhancement for violence. *Id.* at 8.

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action. On March 12, 2020, the Court received a letter from movant that the Court construed as a motion under 28 U.S.C. § 2255. Doc. 1. The Court ordered movant to file an amended motion using the appropriate form if he wished to proceed. Doc. 3.

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable,"

*Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

By his plea agreement, movant waived his right to appeal and his right to pursue relief pursuant to § 2255 except in certain limited circumstances. CR Doc. 103, ¶ 10. Specifically,

> Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

*Id.* A waiver is valid if it is knowing and voluntary. *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012). A waiver is knowing and voluntary where the record reflects that the defendant read and understood the plea agreement, was aware of his right to appeal, understood that he was giving up that right, and raised no question concerning the waiver. *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994). That is the case here. CR Doc. 157.

Movant's first ground should have been raised on direct appeal and cannot be raised here absent a showing of cause and prejudice. *Frady*, 456 U.S. at 168; *Shaid*, 937 F.2d at 232. However,

movant waived the right to appeal as well as the right to raise this issue here and he has made no attempt to show, neither has he shown, that his waiver is not valid. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Finally, even if the claim could be pursued, the PSR reflects that quantity of drugs for which movant was held accountable was derived from reports of cooperating coconspirators and confidential sources and from execution on a search warrant, not from movant's own admissions. CR Doc. 114, ¶¶ 18–20, 22.

In his second and fourth grounds, movant argues that he received ineffective assistance because his attorney did not let him see the PSR before sentencing. Doc. 4 at 7–8. The record reflects that at the sentencing hearing movant's counsel represented to the Court that she and movant had received the PSR and that she had reviewed it with him. CR Doc. 156 at 2. Movant obviously knew about the contents of the PSR because he specifically addressed the head-butting incident during allocution and urged that he was not a violent person. *Id.* at 5–6. He also argued, as he does in his fourth ground, that he had never been convicted of violence. *Id.* at 5. Thus, even if movant did not know of the enhancement, there is no reason to believe, and movant has not shown, that the outcome would have been different had he known.[4] As the Court explained, the sentence was the one that would have been imposed even if the guideline calculations were not correct. CR Doc. 147 at 4.

In support of his third ground, movant argues that he was told he would get three points for acceptance of responsibility. He says that it was in his plea agreement. Doc. 1 at 7. Of course, the plea agreement contains no such provision. CR Doc. 103. And, as movant recognized in

---

[4] In his reply, movant argues that had he known of the enhancement, he would not have signed the plea agreement. Doc. 14 at 2. Of course, the PSR was not prepared until after the plea agreement was signed and movant had pleaded guilty.

executing the plea agreement, no one could predict the outcome of the Court's consideration of the guidelines in his case and he would not be allowed to withdraw his plea if his sentence was higher than expected. *Id.* ¶ 4. Further, the agreement stated that no one had made any promises apart from those set forth in the plea agreement and that there had been no guarantees or promises from anyone as to what sentence the Court would impose. *Id.* ¶ 9.

Any contention (whether made under the third ground or any other) that movant's plea was not knowing and voluntary is belied by the record. Movant's sworn statements at his arraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions

that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing.

To the extent movant is simply complaining that he did not receive a reduction for acceptance of responsibility, that ground is not cognizable here. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 19th day of March, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**